JACKSON LEWIS P.C.
    666 Third Ave., 29th Floor
    New York, New York 10017
    (212) 545-4000
Attorneys of Record:
Kevin G. Lauri (KL 8714)
Dana G. Weisbrod (DW 0527)
Jillian L. Hunt (JH 7242)

ATTORNEYS FOR DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIAN WANG a/k/a JAMES WANG,<br><br>    Plaintiff,<br><br>    - v -<br><br>INTERNATIONAL BUSINESS MACHINES CORP.,<br><br>    Defendant. | 11 Civ. 2992 (VB) (JCM)<br>ECF CASE<br><br>**DECLARATION OF DANA G. WEISBROD, ESQ. IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE THE PARTIES' WRITTEN SETTLEMENT AGREEMENT** |

The following declaration is made pursuant to 28 U.S.C. § 1746:

1.      I am a member of the law firm of Jackson Lewis P.C., attorneys for Defendant International Business Machines Corp. ("IBM" or "Defendant") in the above-referenced matter, and I submit this Declaration based on my personal knowledge in support of Defendant's Motion to Enforce the Parties' Written Settlement Agreement.

**A.      Plaintiff Invited Defendant to Mediate Plaintiff's Claims**

2.      Following the denial of Summary Judgment by the Court, the Court ordered the parties to submit a Joint Pretrial Order by March 17, 2014.

3.      On February 25, 2014, Andrew Rozynski, Esq. ("Mr. Rozynski"), counsel for Plaintiff Jian Wang a/k/a James Wang ("Plaintiff" or "Mr. Wang"), called me to see if IBM was interested in mediation. I stated that IBM wanted to see where Plaintiff's demand was to see

if mediation would be worthwhile. Mr. Rozynski provided me with a number and suggested that the parties mediate privately.

4. On February 28, 2014, I spoke with Mr. Rozynski by telephone and I advised him that IBM agreed to mediate this matter. Mr. Rozynski and I agreed to retain Ruth Raisfeld, Esq. as the mediator (the "Mediator"). Mr. Rozynski provided dates on which he and Plaintiff were available for mediation (the "Mediation").

5. On March 3, 2014, the parties jointly requested an extension of time to submit the Joint Pretrial Order and an adjournment of the status conference. The stated reason for the extension was that the parties agreed to have a settlement conference and wished to explore settlement before proceeding to trial.

6. On March 4, 2014, the Court granted the parties' request and set April 30, 2014 as the deadline for the submission of the Joint Pretrial Order.

7. The parties agreed to split the Mediation fees, with IBM paying 80% of the Mediation fees and Plaintiff paying 20% of the Mediation fees. However, the parties agreed that IBM would pay the full cost of the Mediation in the event the parties reached a settlement. This Agreement is confirmed in the attached Exhibit "A," which is a true and correct copy of the mediation agreement executed by both parties ("Mediation Agreement").

8. The Mediation Agreement specifically stated it was made in consideration of the parties' desire to settle the action and it set forth, *inter alia*, the parties' obligations with respect to the Mediation fees and compensation of the Mediator. See Exhibit "A."

**B.**     **The Parties Reached a Settlement at the April 9, 2014 Mediation**

9.     On April 9, 2014, the parties convened at the New York City office of Jackson Lewis P.C. for the Mediation.

10.     The Mediation began at 10:00 a.m. and concluded when the parties reached a settlement at approximately 5:45 p.m.

11.     Plaintiff attended along with his counsel, Mr. Rozynski, who is fluent in American Sign Language, and a third-party sign language interpreter. Eric M. Baum, Esq., additional counsel for Plaintiff, attended the Mediation for the first part of the day. In addition, my colleague Kevin G. Lauri, Esq. ("Mr. Lauri") and I, along with Daniel Fox, Esq., in-house counsel for IBM, attended the Mediation. The Mediator attended the Mediation as well.

12.     Plaintiff attended the Mediation for the entire day and was an active participant in the Mediation.

13.     At the Mediation, after extensive discussions and proposals, the Mediator assisted the parties in arriving at a settlement figure that was acceptable to both parties.

**C.**     **Counsel for the Parties Negotiated and Signed a Memorandum of Understanding at the Mediation**

14.     After the settlement amount was agreed to by the parties, Defendant's counsel prepared a Memorandum of Understanding which includes all material terms of settlement ("MOU"). Mr. Rozynski reviewed the MOU with Plaintiff. Mr. Rozynski requested that I make changes to the MOU, which I did. Then, Mr. Rozynski and I executed the MOU.

15.     A copy of the MOU is attached as Exhibit "B."

16.     The MOU states that it is a "binding agreement and contains all material terms."

17. While the MOU contemplated that the parties would enter into a Confidential Negotiated Settlement Agreement and General Release ("Agreement and General Release"), neither party expressly reserved the right not to be bound by the MOU.

18. Consistent with the fee splitting agreement and the fact that a settlement was reached, Defendant paid 100% of the Mediation fees and Plaintiff paid nothing.

**D.    The Parties Jointly Advised the Court that Settlement Was Reached**

19. On April 15, 2014, the parties jointly advised the Court by letter that they reached a binding settlement agreement in connection with this matter and the parties requested a final extension of the deadline to submit the Joint Pretrial Order to May 30, 2014. The parties also requested an adjournment of the pretrial conference.

**E.    The Parties Prepared a Confidential Negotiated Settlement and General Release Consistent With the Binding Terms of the MOU**

20. Thereafter, the parties ceased active litigation of the matter and began preparing an Agreement and General Release in furtherance of the fully-executed MOU.

21. On April 24, 2014, Defendant's counsel sent Plaintiff's counsel an e-mail attaching the Agreement and General Release for execution consistent with the fully-executed MOU.

22. On April 28, 2014, Mr. Rozynski sent e-mails to me and my colleague, Jillian L. Hunt, Esq. ("Ms. Hunt"), with minor revisions to the Agreement and General Release.

23. In the e-mails, Mr. Rozynski confirmed that he was in communication with his client regarding the Agreement and General Release. For example, in one of the e-mails, Mr. Rozynski said he would confirm that Plaintiff had not divulged confidential or proprietary information. Then, in a follow-up e-mail, Mr. Rozynski confirmed that Plaintiff

confirmed that he has not revealed and will not reveal confidential or proprietary information. Attached as Exhibit "C" are true and correct copies of the April 28, 2014 e-mails.

24.     On April 30, 2014, Ms. Hunt sent an e-mail to Mr. Rozynski attaching a redline of the Agreement and General Release consistent with counsel for the parties' discussions and requested Mr. Rozynski let her know whether the Plaintiff was agreeable to the document.

25.     On May 5, 2014, Mr. Rozynski sent an e-mail to Ms. Hunt stating that Plaintiff was "eager to get the settlement agreement signed." A true and correct copy of this e-mail is attached as Exhibit "D."

26.     On May 6, 2014, Mr. Rozynski sent an e-mail to Ms. Hunt stating "I have confirmed my client is good with the changes with the addition that a scanned signature is as good as an original." A true and correct copy of this e-mail is attached as Exhibit "E."

27.     On May 8, 2014, Mr. Rozynski sent an e-mail to Ms. Hunt requesting she send him a final draft and he would "get a copy over to our client to sign." A true and correct copy of this e-mail is attached as Exhibit "F."

28.     On May 8, 2014, Ms. Hunt sent an e-mail to Mr. Rozynski attaching the execution copy of the Agreement and General Release.

29.     Mr. Rozynski did not respond.

**F.     Plaintiff's Counsel Submitted a Request to File a Motion to Withdraw as Counsel**

30.     On May 20, 2014, Plaintiff's counsel submitted a request to file a motion to withdraw as counsel. Plaintiff's counsel did not indicate the reasons for his request, other than to state that there is an "irreconcilable conflict" between Plaintiff and Mr. Rozynski's firm.

**G.** **Plaintiff Changes His Position on Settlement Despite Having Entered Into a Memorandum of Understanding and Approved the Terms of the Agreement and General Release**

31.     Mr. Rozynski has advised the Court that Plaintiff will likely oppose Defendant's motion to enforce the settlement agreement.

32.     Defendant has not been advised by Plaintiff's counsel or by Plaintiff as to the reason for his position change.

33.     It appears that Plaintiff has simply changed his mind and now seeks to reject the settlement reached on April 9, 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 22, 2014

_____
DANA G. WEISBROD

# EXHIBIT A

# MEDIATION AGREEMENT

**1. DATE**  This Agreement is dated March 24, 2014.

**2. PARTIES**  The parties to this Agreement are RUTH D. RAISFELD ("Mediator") and:

    (a)  JIAN WANG a/k/a JAMES WANG ("Plaintiff"), by his attorney, Andrew Rozynski, Esq., of the law firm of Eisenberg & Baum, LLP and,

    (b)  INTERNATIONAL BUSINESS MACHINES CORP. ("Defendant"), by its attorneys, Kevin G. Lauri, Esq. and Dana G. Weisbrod, Esq. of the law firm of Jackson Lewis, P.C., and

    (c)  any additional persons or entities listed on the last page of this Agreement.

All of the above are referred to hereinafter as "Party" or "Parties."









IN WITNESS THEREOF, the Parties and their undersigned attorneys have executed this Agreement as of the date above written.

PLAINTIFF JIAN WANG

BY:   EISENBERG & BAUM, LLP

DATED: _3/27/14_____

DEFENDANT IBM Corporation

BY:   JACKSON LEWIS, P.C.

DATED: _3/24/14_____

MEDIATOR RUTH D. RAISFELD

DATED: _4/9/2014_____

OTHERS PRESENT

_4/9/14_

Lydia Callis as Interpreter

# EXHIBIT B

# MEMORANDUM OF UNDERSTANDING

The parties have participated in a mediation session of this matter on April 9, 2014 and desire to settle this case without further litigation.

The parties have agreed to settle *Jian Wang a/k/a James Wang v. International Business Machines Corp.*, 11 Civ. 2992 (VB) (the "Litigation") under the following terms:

## 1. Settlement Payments

1.1. Defendant shall make payments pursuant to this Section to settle the Litigation. These payments shall be payment in full of all damages, interest thereon, attorneys' fees, costs and disbursements, and any other damages, costs or expenses arising out of the Litigation.

1.2. Defendant shall make a total settlement payment in the amount of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ allocated in proportions to be determined between wages and compensatory damages to Plaintiff and attorneys' fees and costs to Plaintiff's counsel.

1.3. The payments described in Section 1.2 shall be subject to appropriate tax treatment and Plaintiff shall indemnify and hold Defendant harmless in the event any federal, state, or local taxing authority asserts against Defendant any claim for penalties, interest, unpaid taxes, or failure to withhold taxes.

1.4. The payments described in Section 1.2 cover all claims by Plaintiff, known and unknown, asserted and unasserted against Defendant, as well as all attorneys' fees and litigation costs. These payments will be Defendant's only monetary obligation.

## 2. Release of Claims

2.1 Plaintiff agrees that the Confidential Negotiated Settlement Agreement and General Release shall contain a general release of all of Plaintiff's claims known and unknown, asserted or unasserted, which Plaintiff may have against Defendant.

## 3. Process for Settlement Approval

3.1 This is a binding agreement and contains all material terms. In furtherance of it, the parties shall enter into a more extensive Confidential Negotiated Settlement Agreement and General Release whose terms shall not be inconsistent with this agreement.

## 4. Effective Date

4.1 Defendant will make the settlement payment within thirty (30) days of the signing of the Confidential Negotiated Settlement Agreement and General Release and Plaintiff's Counsel will hold said checks in escrow until receipt of the Stipulation of Dismissal with Prejudice so ordered by the Court.

1

## 5. Miscellaneous

   5.1   The parties agree to include a non-disparagement provision in the Confidential Negotiated Settlement Agreement and General Release pursuant to which Plaintiff agrees not to disparage Defendant.

   5.2   The parties agree to include a confidentiality provision in the Confidential Negotiated Settlement Agreement and General Release pursuant to which Plaintiff agrees not to disclose information about the settlement including settlement amount, and the parties agree to include a liquidated damages clause such that Plaintiff pays $███████ for violations of such provision.

   5.3   Plaintiff affirms, and will again affirm in the Confidential Negotiated Settlement Agreement and General Release, that his claim against Defendant does not involve any illness, injury, incident, or accident in which medical expenses were, or are expected to be, incurred.

   5.4   The parties agree to include a no-rehire provision in the Confidential Negotiated Settlement Agreement and General Release.

   5.5   The terms of this Memorandum of Understanding shall be confidential. Plaintiff and Plaintiff's Counsel shall not publicize this Memorandum of Understanding or its terms.


Dated: April 9, 2014

WE AGREE TO THESE TERMS,


For Plaintiff:

_Andrew Rozynski (signature)_

Eric M. Baum (EB 5493)
Andrew Rozynski (AR 3228)
EISENBERG & BAUM, LLP
*Attorneys for Plaintiff*
24 Union Square East, 5th Floor
New York, New York 10003
(212) 353-8700

For Defendant:

_Dana G. Weisbrod (signature)_

Kevin G. Lauri (KL 8714)
Dana G. Weisbrod (DW 0527)
Jillian L. Hunt (JH 7242)
JACKSON LEWIS P.C.
*Attorneys for Defendant*
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4006

# EXHIBIT C

**From:** Andrew Rozynski <arozynski@EandBlaw.com>
**Sent:** Monday, April 28, 2014 5:57 PM
**To:** Weisbrod, Dana Glick (NYC)
**Cc:** Lauri, Kevin G. (NYC); Hunt, Jillian L. (NYC); ebaum@eandblaw.com
**Subject:** RE: Wang

Dana,

We would like to amend #7 of our e-mail. After reviewing my previous e-mail, I want to make a correction. ████████████████████████████████████████████████ We also agree to the provisions you inputted on paragraph 10. This previous line was sent inadvertently.

Our justification for Mr. Wang's emotional distress damages can be documented by his expert evaluation by Dr. Lubit. As for non-disparagement, we would want all team-leaders, supervisors during his employment and any HR professionals who may verify employment for Mr. Wang.

As for number #9 Mr. Wang has not revealed and will not reveal confidential or proprietary information.

██████████████████████████████████████████████████████████████████

That should address everything. Let us know your thoughts.

Thank you.

Andrew Rozynski, Esq.
Eisenberg & Baum, LLP
24 Union Square East
Fourth Floor
New York, NY 10003
(212) 353-8700 (Telephone)
(212) 353-1708 (Facsimile)

**CONFIDENTIALITY NOTE:** This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please call Eisenberg & Baum, LLP at (212) 353-8700 and destroy the original message and all copies. To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**FOR POTENTIAL CLIENTS:** Nothing contained herein should be construed as creating or intending to create an attorney-client relationship. Any and all communications are undertaken in an effort to evaluate potential claims and determine if our firm will be able or is interested in representing you. Unless and until a formal retainer agreement has been fully executed between Eisenberg & Baum, LLP and yourself, we will not take any action on your behalf. All cases have time deadlines or "statutes of limitations" in which you must file a lawsuit or charge with the appropriate agency. Therefore, you should immediately contact another attorney if you have an approaching deadline and have not yet signed a contract agreeing to represent you.

**From:** Weisbrod, Dana Glick (NYC) [mailto:WeisbrodD@jacksonlewis.com]
**Sent:** Monday, April 28, 2014 4:28 PM
**To:** Andrew Rozynski
**Cc:** Lauri, Kevin G. (NYC); Hunt, Jillian L. (NYC); ebaum@eandblaw.com
**Subject:** RE: Wang

Andrew,

We will review and respond to each of your proposed changes. As an initial matter, please provide us a justification for your allocation. Additionally, if your company wants a non-disparagement provision protecting him, it needs to be individual specific. Please identify the individuals you want to be instructed not to disparage him.

Dana Weisbrod

**From:** Andrew Rozynski [mailto:arozynski@EandBlaw.com]
**Sent:** Monday, April 28, 2014 3:51 PM
**To:** Weisbrod, Dana Glick (NYC)
**Cc:** Lauri, Kevin G. (NYC); Hunt, Jillian L. (NYC); ebaum@eandblaw.com
**Subject:** RE: Wang

Dana,

This office reviewed the Confidential General Release and Settlement Agreement in the above entitled matter. We are requesting the following changes to same:

1. Paragraph 2-Under Dismissal of Lawsuit. Please add a sentence that each party is to be responsible for their own attorneys' fees.
2. Paragraph 4 (a)-This amount should be changed to $██████ for alleged claims of front and/or back pay...
3. Paragraph 4(b)-This amount should be changed to $██████.
4. Paragraph 7-Second Paragraph beginning with "Plaintiff affirms and IBM agrees that Plaintiff has returned all of IBM's property..."
   This paragraph should be a separate paragraph from these paragraphs with the subtitle "Return of Property".
5. Paragraph 7-These paragraphs wherever it reads "Plaintiff", it should read "Plaintiff and Defendant" Please change all of the sentences in these paragraphs to reflect same.
6. Paragraph 7-Third Paragraph, 6th sentence please remove the wording, "attorneys' fees and".
7. Paragraph 10-████████████████████████████████████
8. Paragraph 12-Please change this sentence to read, "Plaintiff and Defendant agree not to maliciously defame, disparage or demean Releasees or Releasors in any manner whatsoever."
9. Paragraph 20(d) — We will confirm with our client that no confidential or proprietary has been divulged. (We will revisit this)
10. Paragraph 20 (e)-Please remove this sentence as Plaintiff did not bring claims of corporate fraud in his complaint.
11. Paragraph 20 (g)-This paragraph needs to be removed as Plaintiff cannot admit to this as this was the gravamen of plaintiff's case and Defendant has already stated in Paragraph 11 that IBM admits no wrongdoing, etc. and he is fully releasing all these claims.
12. The 21 calendar days to consider this agreement shall not be in effect.

Kindly provide your position on the changes requested above to the agreement so that we may bring a final resolution to this matter. If you have any questions, please feel free to contact me.

Very truly yours,
Andrew Rozynski, Esq.

Eisenberg & Baum, LLP
24 Union Square East
Fourth Floor
New York, NY 10003
(212) 353-8700 (Telephone)
(212) 353-1708 (Facsimile)

**From:** Weisbrod, Dana Glick (NYC) [mailto:WeisbrodD@jacksonlewis.com]
**Sent:** Monday, April 28, 2014 3:03 PM
**To:** Andrew Rozynski
**Cc:** Lauri, Kevin G. (NYC); Hunt, Jillian L. (NYC)
**Subject:** RE: Wang

Andrew,

Do you have any other comments on the agreement?

On the allocation, we got a lot of pushback from our client but still ended up at an allocation close to 50/50. What do you propose and what is the justification?

Thank you,

Dana


Dana Glick Weisbrod
Attorney at Law
Jackson Lewis P.C.
666 Third Avenue.
29th Floor
New York, NY 10017

212.545.4053 | Direct
212.972.3213 | Fax

WeisbrodD@jacksonlewis.com

www.jacksonlewis.com


**From:** Andrew Rozynski [mailto:arozynski@eandblaw.com]
**Sent:** Monday, April 28, 2014 7:32 AM
**To:** Hunt, Jillian L. (NYC)
**Cc:** Lauri, Kevin G. (NYC); Weisbrod, Dana Glick (NYC)
**Subject:** Re: Wang

Jillian,

The lost wages vs emotional distress seems very high as compared to a lot of our cases. Could you do better on the w-9 wages and allocate more to emotional distress. I was under the understanding if I got you the attorneys fees and costs first we would have a discussion on the allocation. Thank you.

On Apr 24, 2014, at 2:25 PM, "Hunt, Jillian L. (NYC)" <Jillian.Hunt@jacksonlewis.com> wrote:

> Andrew,
>
> Attached is the settlement agreement for execution in the Wang matter consistent with the Memorandum of Understand that the parties agreed to. ███████████████████████████
> ████████████████████████████████████
>
> Please let us know if you have any questions.
>
> Thank you,
> Jillian
>
> Jillian L. Hunt
> Attorney at Law
> Jackson Lewis P.C.
> 666 Third Avenue
> 29th Floor
> New York, New York 10017
>
> 212.545.4006 | Direct
> 212.972.3213 | Fax
>
> jillian.hunt@jacksonlewis.com
>
> www.jacksonlewis.com
>
>
> Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

<Settlement Agreement - Wang.pdf>

# EXHIBIT D

| From: | Andrew Rozynski <arozynski@EandBlaw.com> |
| --- | --- |
| Sent: | Monday, May 05, 2014 11:05 AM |
| To: | Hunt, Jillian L. (NYC) |
| Cc: | ebaum@EandBlaw.com; Weisbrod, Dana Glick (NYC) |
| Subject: | RE: Wang Settlement Agreement |

Hi Jillian,

My client is eager to get the settlement agreement signed. Is there any possibility we can hammer out an agreement by days end. What is IBM's position on the allocation? Thank you.

Andrew Rozynski, Esq.
Eisenberg & Baum, LLP
24 Union Square East
Fourth Floor
New York, NY 10003
(212) 353-8700 (Telephone)
(212) 353-1708 (Facsimile)

CONFIDENTIALITY NOTE: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please call Eisenberg & Baum, LLP at (212) 353-8700 and destroy the original message and all copies. To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

FOR POTENTIAL CLIENTS: Nothing contained herein should be construed as creating or intending to create an attorney-client relationship. Any and all communications are undertaken in an effort to evaluate potential claims and determine if our firm will be able or is interested in representing you. Unless and until a formal retainer agreement has been fully executed between Eisenberg & Baum, LLP and yourself, we will not take any action on your behalf. All cases have time deadlines or "statutes of limitations" in which you must file a lawsuit or charge with the appropriate agency. Therefore, you should immediately contact another attorney if you have an approaching deadline and we have not yet signed a contract agreeing to represent you.

**From:** Hunt, Jillian L. (NYC) [mailto:Jillian.Hunt@jacksonlewis.com]
**Sent:** Wednesday, April 30, 2014 5:02 PM
**To:** Andrew Rozynski (arozynski@EandBlaw.com)
**Subject:** Wang

Andrew,

I have redlined the agreement consistent with our discussion about how we can revise the agreement based on your comments in such a way that I think may be agreeable to IBM. I still need to get this approved on my end and I know that you need to do the same. Hopefully we can finalize based on this and then work out the allocation. Please let me know when you get sign-off and I'll do the same.

Thanks,
Jillian

Jillian L. Hunt
Attorney at Law
Jackson Lewis P.C.
666 Third Avenue
29th Floor
New York, New York 10017

212.545.4006 | Direct
212.972.3213 | Fax

jillian.hunt@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT E

**From:** Andrew Rozynski <arozynski@EandBlaw.com>
**Sent:** Tuesday, May 06, 2014 11:47 AM
**To:** Hunt, Jillian L. (NYC)
**Cc:** Weisbrod, Dana Glick (NYC); ebaum@eandblaw.com
**Subject:** RE: Wang

Jillian,

I have confirmed my client is good with the changes with the addition that a scanned signature is as good as an original. Also, please advise asap as to your clients position as to the allocation.

Andrew Rozynski, Esq.
Eisenberg & Baum, LLP
24 Union Square East
Fourth Floor
New York, NY 10003
(212) 353-8700 (Telephone)
(212) 353-1708 (Facsimile)

CONFIDENTIALITY NOTE: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please call Eisenberg & Baum, LLP at (212) 353-8700 and destroy the original message and all copies. To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

FOR POTENTIAL CLIENTS: Nothing contained herein should be construed as creating or intending to create an attorney-client relationship. Any and all communications are undertaken in an effort to evaluate potential claims and determine if our firm will be able or is interested in representing you. Unless and until a formal retainer agreement has been fully executed between Eisenberg & Baum, LLP and yourself, we will not take any action on your behalf. All cases have time deadlines or "statutes of limitations" in which you must file a lawsuit or charge with the appropriate agency. Therefore, you should immediately contact another attorney if you have an approaching deadline and we have not yet signed a contract agreeing to represent you.

**From:** Hunt, Jillian L. (NYC) [mailto:Jillian.Hunt@jacksonlewis.com]
**Sent:** Wednesday, April 30, 2014 5:02 PM
**To:** Andrew Rozynski (arozynski@EandBlaw.com)
**Subject:** Wang

Andrew,

I have redlined the agreement consistent with our discussion about how we can revise the agreement based on your comments in such a way that I think may be agreeable to IBM. I still need to get this approved on my end and I know that you need to do the same. Hopefully we can finalize based on this and then work out the allocation. Please let me know when you get sign-off and I'll do the same.

Thanks,
Jillian

Jillian L. Hunt
Attorney at Law
Jackson Lewis P.C.
666 Third Avenue
29th Floor
New York, New York 10017

212.545.4006 | Direct
212.972.3213 | Fax

jillian.hunt@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# EXHIBIT F

| **From:** | Andrew Rozynski <arozynski@EandBlaw.com> |
|---|---|
| **Sent:** | Thursday, May 08, 2014 11:45 AM |
| **To:** | Hunt, Jillian L. (NYC) |
| **Subject:** | RE: Wang |

Jillian,

Send me a final draft and we will get a copy over to our client to sign. Thank you.


Andrew Rozynski, Esq.
Eisenberg & Baum, LLP
24 Union Square East
Fourth Floor
New York, NY 10003
(212) 353-8700 (Telephone)
(212) 353-1708 (Facsimile)

CONFIDENTIALITY NOTE: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please call Eisenberg & Baum, LLP at (212) 353-8700 and destroy the original message and all copies. To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

FOR POTENTIAL CLIENTS: Nothing contained herein should be construed as creating or intending to create an attorney-client relationship. Any and all communications are undertaken in an effort to evaluate potential claims and determine if our firm will be able or is interested in representing you. Unless and until a formal retainer agreement has been fully executed between Eisenberg & Baum, LLP and yourself, we will not take any action on your behalf. All cases have time deadlines or "statutes of limitations" in which you must file a lawsuit or charge with the appropriate agency. Therefore, you should immediately contact another attorney if you have an approaching deadline and we have not yet signed a contract agreeing to represent you.

**From:** Hunt, Jillian L. (NYC) [mailto:Jillian.Hunt@jacksonlewis.com]
**Sent:** Thursday, May 08, 2014 8:43 AM
**To:** Andrew Rozynski
**Subject:** RE: Wang

Andrew,

Are you available this morning?

Thanks,
Jillian

Jillian L. Hunt
Attorney at Law
Jackson Lewis P.C.
666 Third Avenue
29th Floor

New York, New York 10017

212.545.4006 | Direct
212.972.3213 | Fax

jillian.hunt@jacksonlewis.com

www.jacksonlewis.com

**From:** Andrew Rozynski [mailto:arozynski@EandBlaw.com]
**Sent:** Wednesday, May 07, 2014 3:01 PM
**To:** Hunt, Jillian L. (NYC)
**Subject:** RE: Wang

Hi Jillian,

I am in a deposition. I tried calling you and Dana and no one was there. Please e-mail if you need any immediate attention. Thank you.

Andrew Rozynski, Esq.
Eisenberg & Baum, LLP
24 Union Square East
Fourth Floor
New York, NY 10003
(212) 353-8700 (Telephone)
(212) 353-1708 (Facsimile)

CONFIDENTIALITY NOTE: This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information herein by anyone other than the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, is prohibited. If you have received this e-mail in error, please call Eisenberg & Baum, LLP at (212) 353-8700 and destroy the original message and all copies. To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

FOR POTENTIAL CLIENTS: Nothing contained herein should be construed as creating or intending to create an attorney-client relationship. Any and all communications are undertaken in an effort to evaluate potential claims and determine if our firm will be able or is interested in representing you. Unless and until a formal retainer agreement has been fully executed between Eisenberg & Baum, LLP and yourself, we will not take any action on your behalf. All cases have time deadlines or "statutes of limitations" in which you must file a lawsuit or charge with the appropriate agency. Therefore, you should immediately contact another attorney if you have an approaching deadline and we have not yet signed a contract agreeing to represent you.

**From:** Hunt, Jillian L. (NYC) [mailto:Jillian.Hunt@jacksonlewis.com]
**Sent:** Wednesday, April 30, 2014 5:02 PM
**To:** Andrew Rozynski (arozynski@EandBlaw.com)
**Subject:** Wang

Andrew,

I have redlined the agreement consistent with our discussion about how we can revise the agreement based on your comments in such a way that I think may be agreeable to IBM. I still need to get this approved on my end and I know that you need to do the same. Hopefully we can finalize based on this and then work out the allocation. Please let me know when you get sign-off and I'll do the same.

Thanks,
Jillian

Jillian L. Hunt
Attorney at Law
Jackson Lewis P.C.
666 Third Avenue
29th Floor
New York, New York 10017

212.545.4006 | Direct
212.972.3213 | Fax

jillian.hunt@jacksonlewis.com

www.jacksonlewis.com

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.