Briccetti, J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIAN WANG a/k/a JAMES WANG,

    Plaintiff,

- v -

INTERNATIONAL BUSINESS MACHINES CORP.,

    Defendant.





11 Civ. 2992 (VB) (JCM)
ECF CASE

~~PROPOSED~~ JUDGMENT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/14

**WHEREAS**, Plaintiff Jian Wang a/k/a James Wang ("Plaintiff") commenced an action captioned Jian Wang a/k/a James Wang v. International Business Machines Corp., 11 Civ. 2992 (VB) (JCM) (the "Action");

**WHEREAS**, Defendant International Business Machines Corp. ("Defendant") denied any and all liability arising out of Plaintiff's allegations;

**WHEREAS**, by Decision and Order dated February 11, 2014, the Court denied Defendant's Motion for Summary Judgment;

**WHEREAS**, the Parties attended Mediation on April 9, 2014 at which Plaintiff was represented by his then attorney, Andrew Rozynski, Esq., of Eisenberg & Baum, LLP, and the Parties [by and through their respective counsel,] prepared and executed a Memorandum of Understanding;

**WHEREAS**, by letter dated April 15, 2014, Defendant's counsel, with Plaintiff's counsel's consent, advised the Court that the Parties had reached a settlement and were preparing settlement papers, that the Parties anticipated filing a Stipulation of Dismissal with Prejudice with the Court within 30 days, and that the Parties requested a final extension of the deadline to file a Joint Pretrial Order and an adjournment of the Conference;

**WHEREAS,** by Order dated April 15, 2014, the Court granted the Parties' April 15, 2014 request to extend the deadline to file a Joint Pretrial Order and adjourned the Pre-trial Conference;

**WHEREAS,** by letter dated May 20, 2014, Plaintiff's former counsel, Andrew Rozynski, Esq. of Eisenberg & Baum, LLP, requested permission from the Court for leave to file a Motion to Withdraw as Counsel in this matter due to an irreconcilable conflict between the client and the firm;

**WHEREAS,** by Memorandum Endorsement, dated May 20, 2014, the Court ordered Plaintiff's counsel to file a motion to withdraw by May 23, 2014;

**WHEREAS,** Plaintiff's former counsel, Andrew Rozynski, Esq. of Eisenberg & Baum, LLP, filed a Motion to Withdraw as Counsel and For Fixing a Common Law Retaining & Charging Lien;

**WHEREAS,** on May 23, 2014, Defendant filed a Motion to Enforce the Memorandum of Understanding;

**WHEREAS,** a Conference was held on June 6, 2014 at which all Parties were present;

**WHEREAS,** by Order dated June 20, 2014, the Court granted Plaintiff's former counsel's Motion for an Attorney Charging Lien and further ordered that the Charging Lien be fixed in the amount of $72,155.14 against any and all sums representing the settlement proceeds, and/or partial distribution of proceeds, and/or payment of a judgment due to Plaintiff in this matter, and further ordered that before any payment is made to Plaintiff in this matter that the Charging Lien be fully satisfied, made payable to Eisenberg & Baum, LLP;

**WHEREAS,** by Order dated June 20, 2014, the Court granted Plaintiff's former counsel's Motion to Withdraw as Attorney;

**WHEREAS,** on July 21, 2014, Plaintiff, proceeding *Pro Se*, filed his Opposition to Defendant's Motion to Enforce the Memorandum of Understanding;

**WHEREAS,** on August 4, 2014, Defendant filed a Reply in Further Support of its Motion to Enforce the Memorandum of Understanding;

**WHEREAS,** by Memorandum Decision, dated October 7, 2014, the Court granted Defendant's Motion to Enforce the Memorandum of Understanding and directed submission of a proposed judgment consistent with the Court's opinion;

## NOW, THEREFORE, IT IS ORDERED AND ADJUDGED, as follows:

1. The Action is deemed settled and is hereby dismissed with prejudice under the terms set forth in the Parties' Memorandum of Understanding.

2. Plaintiff is bound to the release of all claims, known and unknown, asserted or unasserted, which Plaintiff may have against Defendant, its affiliates, subsidiaries, successors and assigns, and their current and former employees, officers, directors and agents thereof, and their employee benefit plans, from the beginning of time until the date of the Memorandum of Understanding.

3. The Parties shall comply with all provisions of the Memorandum of Understanding, including, but not limited to, those referenced in this Judgment.

4. Within thirty (30) days of the date of this Judgment, Defendant shall remit to Eisenberg & Baum, LLP, a check made payable to "Eisenberg & Baum, LLP" in the amount of Seventy Two Thousand One Hundred Fifty Five Dollars and Fourteen Cents ($72,155.14), pursuant to the Charging Lien.

5. Within thirty (30) days of the date of this Judgment, Defendant shall remit to Plaintiff the following checks: (a) a check made payable to Plaintiff in the gross amount of Seventy Thousand Three Hundred Forty Four Dollars and Eighty Six Cents ($70,344.86), less applicable withholdings and deductions, in full and final settlement of Plaintiff's alleged claims of front and/or back pay, liability for which Defendant specifically disclaims; and (b) a check made payable to Plaintiff in the amount of Sixty Five Thousand Dollars and Zero Cents ($65,000.00), in full and final settlement of Plaintiff's alleged claims of pain and suffering and emotional distress, liability for which Defendant specifically disclaims.

ENTERED this 22 day of October, 2014:
So Ordered:

_____
U.S.D.J.

October 22, 2014
White Plains, NY