```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JIAN WANG a/k/a JAMES WANG,                  :
                Plaintiff,                   :
                                             :    MEMORANDUM OPINION AND
v.                                           :    ORDER
                                             :
INTERNATIONAL BUSINESS MACHINES              :    11 CV 2992 (VB)
CORP.,                                       :
                Defendant.                   :
--------------------------------------------------------------x
```

Briccetti, J.:

      Plaintiff Jian Wang, previously represented by counsel but now proceeding pro se, moves to re-open this case pursuant to Fed. R. Civ. P. 60. (Doc. #106).

      For substantially the reasons stated in defendant's letter opposing plaintiff's motion (Doc. #107), plaintiff's motion is DENIED as frivolous.

      The Court recites only the factual and procedural history necessary to resolve the instant motion.

## BACKGROUND

      Plaintiff brought this employment discrimination against his former employer, alleging he was terminated because he is deaf. The Court denied defendant's motion for summary judgment and subsequent motion for reconsideration. (Docs. ##50, 57).

      The parties—at that point both represented by counsel—then engaged in mediation, where they believed they reached a settlement agreement. One of defendant's attorneys prepared a memorandum of understanding memorializing the material terms of the agreement. One such term was that defendant would make a total settlement payment of $207,500. Plaintiff's counsel gave plaintiff a copy of the memorandum of understanding, and counsel for both parties signed it. However, when plaintiff's counsel emailed a copy of the settlement agreement and release to

1

plaintiff for him to review and sign, plaintiff asserted he was "shocked" to learn the case had settled for $207,500, rather than $207 million, and he refused to sign the proposed agreement and release.

Defendant moved to enforce the settlement agreement and plaintiff's counsel moved to withdraw. (Docs. ##68, 72). The Court granted both motions. (Docs. ##83, 89). In its October 7, 2014, Memorandum Decision granting defendant's motion to enforce, the Court directed defendant to submit a proposed judgment and permitted plaintiff to submit a counter-proposed judgment in accordance with Local Rule 77.1. (Doc. #89).

The Court entered Judgment on October 22, 2014. (Doc. #92). The same day, the Court construed plaintiff's counter-proposed judgment as a motion for reconsideration of the Court's decision granting the motion to enforce and denied it. (Doc. #93). Plaintiff appealed, and the Second Circuit affirmed. (Doc. #104).

Now, five years later, plaintiff asserts he is again "shocked," this time to discover that the correct version of his counter-proposed judgment was never filed on the Court's Electronic Case Filing ("ECF") System. (Doc. #106 at ECF 1).[1] Plaintiff states the district court may have "discard the documents for some reason without letting me know." (Id.). Plaintiff attaches the supposed "correct version" to his motion. (Id. at 2). However, because plaintiff could not find copies of the original exhibits he supposedly submitted to the Court in 2014, he "ma[d]e up" two exhibits to "the best of my recollection." (Id.). The so-called correct version of the counter-proposed judgment also appears to be a re-creation, based on plaintiff's statement that Exhibit A—in the instant motion, the new counter-proposed judgment—"is missing." (Id.).

---

[1] References to "Doc. #__ at __" refer to the page numbers automatically assigned by the Court's ECF system.

2

## DISCUSSION

The Court construes plaintiff's motion as seeking relief from a final judgment, order, or proceeding, based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).[2] "Generally, courts require that the evidence in support of the motion to vacate a final judgment be highly convincing, . . . that a party show good cause for failure to act sooner, . . . and that no undue hardship be imposed on other parties." Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (internal quotation and citations omitted).

To merit relief under Rule 60(b)(2), the movant must demonstrate:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001). Further, "[a] motion for relief under Rule 60(b)(2) must be made within a year of entry of the challenged judgment, order, or proceeding. Fed. R. Civ. P. 60(c). "This one-year limitations period is absolute, . . . and is not tolled by the filing of other litigation." Buffalo Teachers Fed'n v. Tobe, 514 F. App'x 57, 58 (2d Cir. 2013) (summary order) (internal citation and quotation omitted).[3]

Plaintiff's motion is untimely. Judgment was entered in this case on October 22, 2014, over five years ago, and the Second Circuit's mandate affirming the Court's judgment was

---

[2] For substantially the same reasons stated in this Memorandum Opinion and Order, plaintiff also fails to demonstrate grounds for relief under any another provision of Rule 60(b). Moreover, to the extent plaintiff moves for relief under Fed. R. Civ. P. 60(a), plaintiff's motion is meritless. The Court did not make a clerical mistake or any other mistake arising from oversight or omission.

[3] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

entered on March 16, 2016, over three years ago. Moreover, plaintiff's assertion that he "suddenly recalled" in 2019 that his appellate counsel could read and print documents from ECF is incredible. (Doc. #106 at ECF 14). The very idea that there was a second version of his counter-proposed judgment—the original copy of which plaintiff apparently cannot locate—is absurd. Further, plaintiff's baseless accusation that the Court may have discarded his counter-proposed judgment would warrant the imposition of sanctions, although the Court, in an exercise of its discretion, will not impose sanctions at this time.

Substantially the same reasons demonstrate plaintiff was not justifiably ignorant of the fact that the supposedly correct version of his counter-proposed judgment was not filed on ECF. Thus, plaintiff fails to demonstrate he has any newly discovered evidence.

Plaintiff fails to demonstrate he has newly discovered evidence for other reasons as well. Plaintiff relies on documents purportedly showing that in the days following the mediation, he reached out to a real estate broker to purchase a $3-8 million home in Los Angeles, purchased plane tickets to fly to Los Angeles, and rented a car. To the extent those documents existed before the Court's judgment, plaintiff was not justifiably ignorant of them. To the extent they came into existence after the Court's judgment, they do not constitute evidence of facts that existed at the time of the judgment. Either way, plaintiff loses.

Moreover, those documents are not newly discovered evidence because they would not have changed the outcome of this case—the Court would not have reconsidered its decision to enforce the settlement agreement based on anything plaintiff states or submits now.

The Court also notes plaintiff appears to have misconstrued the purpose of the provision in the Court's October 7, 2014, Memorandum Decision, directing him to submit a counter-proposed judgment. (Doc. #89). In plaintiff's new counter-proposed judgment, he states he

realized he "was supposed to respond to the Court's Memorandum Decision, not defendant's proposed judgment." (Doc. #106 at ECF 19). Not so. Plaintiff was supposed to submit a counter-proposed judgment that conformed to the Court's decision enforcing the settlement agreement. Instead, plaintiff submitted a document that was titled "Counter-Proposed Judgment" but largely asserted grounds for reconsideration. (Doc. #93). Thus, as noted above, the Court construed the submission as a motion for reconsideration and denied it.

Finally, the Court agrees with defendant that reopening this case would impose an undue hardship on defendant, as it would be forced to continue litigating a case concerning an employee that it terminated more than a decade ago and to which defendant already paid a substantial settlement.

Accordingly, plaintiff is not entitled to relief from final judgment.

## CONCLUSION

The motion to re-open this case and for relief from final judgment is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #106).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Memorandum Opinion and Order to plaintiff at the following address:

    James Wang
    14 Roy Lane
    Highland, NY  12528

Dated: October 28, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge