UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JIAN WANG, a/k/a James Wang,
                Plaintiff,

v.                                              **ORDER**

INTERNATIONAL BUSINESS MACHINES
CORP.,                                        11 CV 2992 (VB)
                Defendant.
--------------------------------------------------------------x

     Over the past several weeks, plaintiff has submitted multiple letters to the Court (dated December 26, 2022, January 2, 2023, January 15, 2023, January 21, 2023), all of which will be separately docketed. These letters regurgitate the same (or substantially the same) frivolous and vexatious arguments plaintiff has made before about the settlement of this case. On October 7, 2014, the Court granted defendant's motion to enforce the settlement, and since then plaintiff has filed numerous motions in this Court, appeals in the Second Circuit, and separate litigation in state court, all of which failed.

     By Order dated May 10, 2021 (Doc. #119), the Court warned plaintiff that if he kept filing frivolous motions, the Court would summarily deny such motions and would enter a filing injunction in this case. Shortly thereafter, plaintiff filed another frivolous motion, which the Court summarily denied in an Order dated May 20, 2021. (Doc. #123). In that Order, the Court issued a filing injunction directing plaintiff not to file any motion or other submission in this case without first seeking permission to do so by letter not to exceed one page in length. That filing injunction was reiterated in an Order dated July 20, 2021, which denied yet another meritless and untimely attempt by plaintiff to reopen this case. (Doc. #136). The July 20 Order was summarily affirmed by the Second Circuit in February 2022. Since then, plaintiff has submitted approximately eleven additional frivolous and vexatious letters to this Court.

     Plaintiff, although proceeding pro se, is an intelligent and sophisticated person who is fully able to understand the Court's orders, and therefore had no possible good faith expectation that any of his vexatious and frivolous motions and submissions would be successful. Yet, he continues, in bad faith, to file or send such submissions. These submissions have wasted an enormous amount of this Court's time, not to mention the time of defendant's counsel.

     The Court's patience with plaintiff has come to an end.

     Accordingly, because of plaintiff's pattern of vexatious bad faith litigation and his disregard of multiple Court orders, it is hereby ORDERED:

1. Plaintiff shall not submit any additional letter, motion, or other filing of any kind to this Court in this case (with the exception of a notice of appeal). If plaintiff disregards this Order, that submission will be summarily rejected and returned to plaintiff without being docketed or reviewed by the Court.

2. In addition, if plaintiff disregards this Order, the Court, in an exercise of its inherent authority to impose financial sanctions on a vexatious pro se litigant, will impose an escalating financial sanction on plaintiff, to be paid directly to the Clerk of Court. Specifically, plaintiff will be fined $100 for the first such submission, $200 for the second such submission, $400 for the third such submission, $800 for the fourth such submission, $1,600 for the fifth such submission and so on. See, e.g., Sassower v. Field, 973 F.2d 75, 81 (2d Cir. 1992) (affirming financial sanction on pro se plaintiff for vexatious litigation conduct pursuant to district court's inherent sanction authority), cert. denied, 507 U.S. 1043 (1993); see also DiSilvestro v. United States, 767 F.2d 30, 32 (2d Cir.) (affirming attorney's fees sanction under district court's inherent sanction authority on pro se plaintiff that violated filing injunction), cert. denied, 474 U.S. 862 (1985); Koehl v. Greene, 424 F. App'x 61, 62 (2d Cir. 2011) (summary order) (recognizing district court's inherent power to impose financial sanctions on a pro se plaintiff).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: January 27, 2023
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge